UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SAKI TAKADA,<br><br>Applicant, | Case No. 22-mc-80221-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Saki Takada applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents on Google LLC ("Google") and Twitter, Inc. ("Twitter"). Dkt. No. 1. Although the proposed subpoenas are directed to Google and Twitter, Ms. Takada says she will use the subpoenas to obtain identifying information for the holder of specific Google and Twitter accounts.[1]  *See* Dkt. No. 1 at 2-3.

The Court grants the application subject to the modifications and requirements set forth below.

**I.   BACKGROUND**

According to the application, Ms. Takada is a Japanese attorney practicing law in Japan. Dkt. No. 1 at 1. Ms. Takada says that in connection with her representation of a client in a criminal case, the alleged crime victim "verbally attacked and harassed" her.[2]  *Id.* at 2. Among other things, Ms. Takada says that on September 25, 2021, the victim (using a pseudonym)

---

[1] All parties appearing have indicated their consent to magistrate judge jurisdiction. Dkt. Nos. 8, 16, 20.

[2] The application does not identify the victim by name.

published a recorded telephone conversation between the victim and Ms. Takada on Google's YouTube service. *Id.* In addition, Ms. Takada says that on October 3 and 4, 2021, the victim (using a different pseudonym) published tweets about Ms. Takada on the Twitter service. *Id.*

Ms. Takada says that the YouTube and Twitter publications contain false statements that have harmed Ms. Takada's reputation. She says she wishes to file a criminal complaint against the victim for the criminal defamation in Japan. *Id.* at 2-3. She explains that under Japanese law, once the Japanese police receive a criminal complaint for defamation, they are required to investigate the complaint to determine whether to recommend prosecution of the alleged offender. *Id.* at 4. However, the criminal complaint must include evidence specifically identifying the person alleged to have published the defamatory material in question. *Id.* In this case, Ms. Takada says that she cannot prepare the necessary complaint without information from Google and Twitter confirming that the person who published the video and the tweets is the victim. *Id.*

Ms. Takada seeks permission to serve a subpoena on Google seeking the following documents:

1. ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1[3]:
   (i) names;
   (ii) physical, billing, shipping, or ALL other addresses;
   (iii) recovery, authentication, or ALL other e-mail addresses;
   (iv) recovery, authentication, or ALL other telephone numbers;
   (v) ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and,
   (vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

2. ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ACCOUNT 1.

3. ALL DOCUMENTS showing the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to

---

[3] "ACCOUNT 1" is defined as "the YouTube user that published a YouTube video under the name "Baka Net Takada" . . . at: https://www.youtube.com/watch?v=MjsWLLyOFDI." Dkt. No. 1, Ex. A at ECF 16.

2

        login with (the "OTHER ACCOUNTS"):
(i) names;
(ii) physical, billing, shipping, or any other addresses;
(iii) recovery, authentication, or any other e-mail addresses;
(iv) recovery, authentication, or any other telephone numbers;
(v) ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);
(vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS; and,
(vii) the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).

4. ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS were created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS.

Dkt. No. 1, Ex. A at ECF 16-17.

Ms. Takada seeks permission to serve a subpoena on Twitter seeking the following documents:

1. ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1[4]:
(i) ALL names, addresses, e-mail addresses, and telephone numbers;
(ii) ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and
(iii) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

2. ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (only IP addresses and corresponding timestamps (dates and times)) of ACCOUNT 1.

Dkt. No. 1, Ex. B at ECF 21-22.

Ms. Takada's application is supported by her own declaration and the declarations of Yuki Watase (Ms. Takada's Japanese lawyer), and Yoshie Katsurada (a translator). Dkt. Nos. 1-1, 1-2, 1-3.

---

[4] "ACCOUNT 1" is defined as the Twitter account that published five specific tweets to Twitter. Dkt. No. 1, Ex. B at ECF 21.

3

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte

4

basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

### III. DISCUSSION

#### A. Statutory Requirements

Ms. Takada's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoenas seek discovery from Google and Twitter, and both companies have their principal places of business in the Northern District of California. Dkt. No. 1 at 6. Second, Ms. Takada requests this discovery for use in pursuing a criminal complaint for defamation in violation of the Japanese Penal Code once she obtains evidence confirming the identity of the person who published the defamatory material in question. *Id.* at 6-7. Crediting Ms. Takada's representations, a proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Ms. Takada, as the complainant in the contemplated criminal investigation and prosecution, is an interested person within the meaning of the statute. *Id.* at 7.

### B. *Intel* Factors

Even if the Court has the authority to grant Ms. Takada's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional, non-exhaustive *Intel* factors.

#### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, neither Google nor Twitter will be a party to the anticipated criminal action in Japan, and the documents Ms. Takada seeks by subpoena are located in the United States. Dkt. No. 1 at 8. Ms. Takada contends that such evidence is outside the reach of the Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoenas.

#### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citations omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the

1    German government expressly objected to the information sought due to concerns that it would
2    jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re*
3    *Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding
4    that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission
5    filed an amicus brief stating that it had no need or use for the requested discovery).

6          Here, Ms. Takada represents that Japanese courts have been receptive in other matters to
7    assistance in discovery from the United States and that it is unaware of any "restrictions imposed
8    by or any policies under Japanese law limiting U.S. federal court judicial assistance." Dkt. No. 1
9    at 9. Ms. Takada's Japanese counsel attests that the Japanese police will not accept a criminal
10   complaint for investigation and possible prosecution unless Ms. Takada provides evidence
11   specifically identifying the person alleged to have published the defamatory material in question.
12   Dkt. No. 1-2 ¶¶ 9, 12-13. In the absence of evidence that a Japanese court would object to Ms.
13   Takada's discovery of the information sought in the subpoenas, or that it would object more
14   generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor
15   weighs in favor of authorizing service of the subpoenas.

16           **3.**    **Circumvention of proof-gathering restrictions**

17         Under this factor, the Court considers whether Ms. Takada's request for discovery
18   "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a
19   foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has
20   side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a
21   factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re*
22   *Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal.
23   Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is
24   "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering
25   restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal.
26   Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL
27   1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of
28   discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering

7

1  restrictions or policies).

2      Ms. Takada's Japanese counsel attests that she is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Ms. Takada seeks here. Dkt. No. 1-2 ¶ 16. In the absence of contrary information, the Court concludes that this factor also weighs in favor of authorizing service of the subpoenas.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

#### a. Google subpoena

Ms. Takada's proposed subpoena to Google seeks "all documents" identifying the person who published a specific video on YouTube under the name "Baka Net Takada," including the user's name and contact information, payment methods (and all names and contact information associated with those payment methods), as well as access logs on the date the account was created and for the period of time from May 23, 2022 to the present (i.e. "for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request"). Ms. Takada seeks the same information for "all Google Ads accounts or all other accounts that are controlled by [Google] that ACCOUNT 1 has ever been used to login with." *See* Dkt. No. 1, Ex. A at ECF 16-17.

Ms. Takada principally relies on the declaration of Ms. Watase, her Japanese counsel, to explain why, in Ms. Takada's view, it is necessary to obtain the access log information and why it is also necessary to obtain information concerning "other accounts" the account holder may have. *See* Dkt. No. 1-2, ¶¶ 20-24. Crediting this explanation, the Court finds that Ms. Takada has shown that she likely will not have the identifying information she requires to proceed with a criminal complaint in Japan unless she obtains contact information and access log information. However, the Court is not persuaded that Ms. Takada requires "all documents showing"; rather, she should only require "documents sufficient to show" the information described in each of the four document requests in order to identify the account holder for purposes of submitting a criminal complaint.

8

1    Finally, Ms. Takada's proposed discovery does intrude upon the privacy interests of the
2    Google account holder who published the video in question. These concerns may be addressed by
3    adopting procedural protections to ensure that any objections the account holder may have to
4    disclosure of her information are addressed by the Court before disclosure is made. Specifically,
5    and as set forth below, Google must notify the Court of any objections it receives from the account
6    holder, and it may not disclose objected-to documents to Ms. Takada until the Court resolves those
7    objections.

### b.    Twitter subpoena

Ms. Takada's proposed subpoena to Twitter seeks "all documents" identifying the person who published five specific tweets using Twitter's service, including the user's name and contact information, payment methods (and all names and contact information associated with those payment methods), as well as access logs on the date the account was created and for the period of time from May 23, 2022 to the present (i.e. "for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request"). *See* Dkt. No. 1, Ex. B at ECF 21-22.

Ms. Takada again relies on the declaration of Ms. Watase to explain why, in Ms. Takada's view, it is necessary to obtain contact information and access log information. *See* Dkt. No. 1-2, ¶¶ 20-24. Crediting this explanation, the Court finds that Ms. Takada has shown that she likely will not have the identifying information she requires to proceed with a criminal complaint in Japan unless she obtains contact information and access log information. However, the Court is not persuaded that Ms. Takada requires "all documents showing"; rather, she should only require "documents sufficient to show" the information described in the two document requests in order to identify the account holder for purposes of submitting a criminal complaint.

Finally, Ms. Takada's proposed discovery does intrude upon the privacy interests of the Twitter account holder who published the tweets in question. These concerns may be addressed by adopting procedural protections to ensure that any objections the account holder may have to disclosure of her information are addressed by the Court before disclosure is made. Specifically, and as set forth below, Twitter must notify the Court of any objections it receives from the account

1 holder, and it may not disclose objected-to documents to Ms. Takada until the Court resolves those
2 objections.

## IV. CONCLUSION

Ms. Takada's application meets the statutory criteria for an order authorizing service of the proposed subpoenas. In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoenas, *except* that Ms. Takada must modify the document requests in her subpoenas to request only "documents sufficient to show" in place of "all documents showing."

Accordingly, the Court authorizes service of the proposed subpoenas, with the modification noted above, on Google and Twitter. This order does not foreclose a motion to quash or further modify the subpoenas by Google or Twitter following service, or by the account holders or account users whose identifying information is sought. The Court orders Ms. Takada, Google, and Twitter to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoenas if they wish:

1. At the time of service of the revised subpoena, Ms. Takada must also serve a copy of this order on Google and Twitter.
2. Within 10 calendar days of service of each subpoena and this order, Google and Twitter shall notify the account holders and account users within the scope of the subpoena that their identifying information is sought by Ms. Takada, and shall serve a copy of this order on each such person.
3. Google, Twitter, and/or any person whose identifying information is sought may, within 30 days from the date of the notice, file a motion in this Court contesting the subpoenas (including a motion to quash or modify the subpoena).
4. Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google or Twitter in writing of any objections he or she has to disclosure of the information and the bases for any such objections. Within 10 days of receipt of any such objections, Google and Twitter shall so advise the Court.
5. If any person contests a subpoena or objects to any portion of it, Google or Twitter

10

shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest or objection.

Any information Ms. Takada obtains pursuant to the subpoenas may be used only for purposes of the anticipated criminal complaint and prosecution for criminal defamation in violation of the Japanese Penal Code, and Ms. Takada may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**IT IS SO ORDERED.**

Dated: October 3, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge

11