1  Oliver M. Gold, Bar No. 279033
   OGold@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park East Suit 1700
3  Los Angeles, CA 90067-1721
   Telephone: +1.310.788.3291
4  Facsimile:  +1.310.843.1272

5  Attorney for Non-Party
   GOOGLE LLC
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9

10  In re Ex Parte Application of              Case No. 22-mc-80221

11  Saki Takada                               **DECLARATION OF OLIVER M. GOLD IN
                                              SUPPORT OF GOOGLE LLC'S MOTION TO**
12                                            **QUASH**

13                                            Date:          December 20, 2022
                                              Time:          10:00 a.m.
14                                            Courtroom:     2, 5th Floor
                                              Judge:         Virginia K. DeMarchi
15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Oliver M. Gold, hereby declare as follows:

1.    I am a partner at the law firm of Perkins Coie LLP. I have been retained as outside counsel for Respondent Google LLC ("Google") in connection with the subpoena (the "Subpoena") issued to it by Applicant Saki Takada ("Applicant") in this 28 U.S.C. 1782 ("Section 1782") action requesting identifying information about a specific YouTube account holder. I make this declaration based upon personal knowledge, and if called upon to do so, I could and would testify competently to the facts set forth herein.

2.    YouTube is a service operated by Google, which allows people with a YouTube account to post videos and write comments.

3.    On October 3, 2022, the Court granted Applicant's Section 1782 Application ("Order"). Google received service of the Order and Subpoena, which seeks identifying information associated with an anonymous YouTube account, on October 4, 2022. A true and correct copy of the materials served on Google are attached hereto as **Exhibit A**.

4.    Pursuant to the Order, Google issued notice to the owner of the anonymous YouTube account at issue on October 14, 2022.

5.    To assist the meet and confer process, Google provided written objections to the Subpoena on October 18, 2022. Among other things, Google objected that Applicant had not provided evidence that a court had already considered and applied the relevant First Amendment standard for unmasking an anonymous speaker. A true and correct copy of Google's objections is attached hereto as **Exhibit B**.

6.    That same day, Applicant's counsel argued that this case does not implicate the First Amendment because the Applicant claims to already know who is behind the Google account. Because the Applicant and Google have failed to agree, Google files this Motion to Quash to seek a determination from the Court as to whether the appropriate First Amendment safeguards have been met in this case.

I declare under penalty of perjury that the foregoing is true and correct.

22-MC-80221
DECLARATION OF OLIVER M. GOLD IN SUPPORT OF GOOGLE LLC'S MOTION TO QUASH

1

Dated:  November 14, 2022

**PERKINS COIE LLP**

2

3

By: _/s/ Oliver M. Gold_
Oliver M. Gold

4

5

Attorney for Non-Party
GOOGLE LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22-MC-80221
DECLARATION OF OLIVER M. GOLD IN SUPPORT OF GOOGLE LLC'S MOTION TO QUASH

# Exhibit A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | | |
|---|---|---|
| In re Ex Parte Application of Saki Takada | ) | |
| ~~Plaintiff~~ Applicant | ) | |
| ~~v.~~ | ) | Civil Action No.   22-mc-80221-VKD |
| | ) | |
| | ) | |
| ~~Defendant~~ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: By email to: makoto@taitano.us.com; or at: Warp9, c/o Carlos Makoto Taitano, 480 Clementina St., #A, San Francisco, CA 94103 | Date and Time: 11/16/2022 5:00 pm |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/03/2022

CLERK OF COURT

                                                          OR

_____              *Carlos Makoto Taitano*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Saki Takada _____ , who issues or requests this subpoena, are:
Carlos Makoto Taitano, MFPR Roppongi Azabudai Bldg. 11F, 1-8-7 Roppongi, Minato-ku, Tokyo 153-0053 Japan, makoto@taitano.us.com, +1-671-777-0581

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    22-mc-80221-VKD

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment 1

To: Google LLC

The Applicant Saki Takada hereby requests that Google LLC ("you") produce to its attorney, Carlos Makoto Taitano, Esq., any and all of the DOCUMENTS described under the heading "II. REQUEST FOR PRODUCTION."

## I. DEFINITIONS

1.      The word "DOCUMENT" or "DOCUMENTS" means "documents," "electronically stored information," or "tangible things," as those terms are used in Rules 34(a) and 45 of the Federal Rules of Civil Procedure. Where a DOCUMENT has been prepared in several copies, or where additional copies have been made that are not identical or are no longer identical by reason of subsequent notation, highlighting or other modification of any kind whatsoever including, but not limited to, notations on the back of pages thereto, each nonidentical copy shall be considered a separate DOCUMENT. A DOCUMENT that is "electronically stored information" shall be produced in portable document format (commonly known as "PDF") with Bates numbering and appropriate confidentiality designations, along with searchable metadata databases.

2.      The word "ACCOUNT 1" means the YouTube user that published a YouTube video under the name "*Baka Net Takada*" ("バカネット高田" in Japanese) at: https://www.youtube.com/watch?v=MjsWLLyOFDI.

3.      "ALL" means "each, any and all."

## II. REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**  DOCUMENTS sufficient to show the following information ever registered with ACCOUNT 1:

  (i)      names;
  (ii)     physical, billing, shipping, or ALL other addresses;
  (iii)    recovery, authentication, or ALL other e-mail addresses;
  (iv)    recovery, authentication, or ALL other telephone numbers;
  (v)     ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and,
  (vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 2.**  DOCUMENTS sufficient to show the following information as of the date that ACCOUNT 1 was created, and for the three-

Attachment 1 to Subpoena to Google LLC

month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ACCOUNT 1.

**REQUEST FOR PRODUCTION NO. 3.**  DOCUMENTS sufficient to show the following information ever registered with ALL Google Ads accounts or ALL other accounts that are controlled by you that ACCOUNT 1 has ever been used to login with (the "OTHER ACCOUNTS"):

(i)     names;

(ii)    physical, billing, shipping, or any other addresses;

(iii)   recovery, authentication, or any other e-mail addresses;

(iv)    recovery, authentication, or any other telephone numbers;

(v)     ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);

(vi)    ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS; and,

(vii)   the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).

**REQUEST FOR PRODUCTION NO. 4.**  DOCUMENTS sufficient to show the following information as of the date that ALL of the OTHER ACCOUNTS were created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS.

Attachment 1 to Subpoena to Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF SAKI TAKADA,<br><br>Applicant, | Case No. 22-mc-80221-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant Saki Takada applies ex parte for an order pursuant to 28 U.S.C. § 1782 authorizing service of subpoenas for documents on Google LLC ("Google") and Twitter, Inc. ("Twitter"). Dkt. No. 1. Although the proposed subpoenas are directed to Google and Twitter, Ms. Takada says she will use the subpoenas to obtain identifying information for the holder of specific Google and Twitter accounts.[1] *See* Dkt. No. 1 at 2-3.

The Court grants the application subject to the modifications and requirements set forth below.

## I.    BACKGROUND

According to the application, Ms. Takada is a Japanese attorney practicing law in Japan. Dkt. No. 1 at 1. Ms. Takada says that in connection with her representation of a client in a criminal case, the alleged crime victim "verbally attacked and harassed" her.[2] *Id.* at 2. Among other things, Ms. Takada says that on September 25, 2021, the victim (using a pseudonym)

---

[1] All parties appearing have indicated their consent to magistrate judge jurisdiction. Dkt. Nos. 8, 16, 20.

[2] The application does not identify the victim by name.

1   published a recorded telephone conversation between the victim and Ms. Takada on Google's

2   YouTube service. *Id.* In addition, Ms. Takada says that on October 3 and 4, 2021, the victim

3   (using a different pseudonym) published tweets about Ms. Takada on the Twitter service. *Id.*

4       Ms. Takada says that the YouTube and Twitter publications contain false statements that

5   have harmed Ms. Takada's reputation. She says she wishes to file a criminal complaint against

6   the victim for the criminal defamation in Japan. *Id.* at 2-3. She explains that under Japanese law,

7   once the Japanese police receive a criminal complaint for defamation, they are required to

8   investigate the complaint to determine whether to recommend prosecution of the alleged offender.

9   *Id.* at 4. However, the criminal complaint must include evidence specifically identifying the

10  person alleged to have published the defamatory material in question. *Id.* In this case, Ms.

11  Takada says that she cannot prepare the necessary complaint without information from Google

12  and Twitter confirming that the person who published the video and the tweets is the victim. *Id.*

13      Ms. Takada seeks permission to serve a subpoena on Google seeking the following

14  documents:

15         1. ALL DOCUMENTS showing the following information ever
              registered with ACCOUNT 1[3]:
16            (i) names;
              (ii) physical, billing, shipping, or ALL other addresses;
17            (iii) recovery, authentication, or ALL other e-mail addresses;
              (iv) recovery, authentication, or ALL other telephone numbers;
18            (v) ALL names and addresses of ALL credit cards registered to
              ACCOUNT 1 (but not the credit card number, expiration date, or card
19            validation code); and,
              (vi) ALL names, addresses, e-mail addresses, telephone numbers, and
20            names of the payment methods (such as PayPal), for ALL non-credit
              card payment methods registered to ACCOUNT 1.
21
           2. ALL DOCUMENTS showing the following information as of the
22            date that ACCOUNT 1 was created, and for the three-month period
              immediately preceding August 23, 2022 and until the date that you
23            respond to this request: ALL access log (dates, times, and IP
              addresses) of ACCOUNT 1.
24
           3. ALL DOCUMENTS showing the following information ever
25            registered with ALL Google Ads accounts or ALL other accounts
              that are controlled by you that ACCOUNT 1 has ever been used to
26

27  ────────────────
    [3] "ACCOUNT 1" is defined as "the YouTube user that published a YouTube video under the
28  name "Baka Net Takada" . . . at: https://www.youtube.com/watch?v=MjsWLLyOFDI." Dkt. No.
    1, Ex. A at ECF 16.

United States District Court
Northern District of California

United States District Court
Northern District of California

login with (the "OTHER ACCOUNTS"):
(i) names;
(ii) physical, billing, shipping, or any other addresses;
(iii) recovery, authentication, or any other e-mail addresses;
(iv) recovery, authentication, or any other telephone numbers;
(v) ALL names and addresses of ALL credit cards registered to ALL of the OTHER ACCOUNTS (but not the credit card number, expiration date, or card validation code);
(vi) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ALL of the OTHER ACCOUNTS; and,
(vii) the type of ALL of the OTHER ACCOUNTS (such as a Google Ads account).

4. ALL DOCUMENTS showing the following information as of the date that ALL of the OTHER ACCOUNTS were created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (dates, times, and IP addresses) of ALL of the OTHER ACCOUNTS.

Dkt. No. 1, Ex. A at ECF 16-17.

Ms. Takada seeks permission to serve a subpoena on Twitter seeking the following documents:

1. ALL DOCUMENTS showing the following information ever registered with ACCOUNT 1[4]:
(i) ALL names, addresses, e-mail addresses, and telephone numbers;
(ii) ALL names and addresses of ALL credit cards registered to ACCOUNT 1 (but not the credit card number, expiration date, or card validation code); and
(iii) ALL names, addresses, e-mail addresses, telephone numbers, and names of the payment methods (such as PayPal), for ALL non-credit card payment methods registered to ACCOUNT 1.

2. ALL DOCUMENTS showing the following information as of the date that ACCOUNT 1 was created, and for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request: ALL access log (only IP addresses and corresponding timestamps (dates and times)) of ACCOUNT 1.

Dkt. No. 1, Ex. B at ECF 21-22.

Ms. Takada's application is supported by her own declaration and the declarations of Yuki Watase (Ms. Takada's Japanese lawyer), and Yoshie Katsurada (a translator). Dkt. Nos. 1-1, 1-2, 1-3.

---

[4] "ACCOUNT 1" is defined as the Twitter account that published five specific tweets to Twitter. Dkt. No. 1, Ex. B at ECF 21.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege.  28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).  The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person."  *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted.  *Id.* at 264.  In exercising that discretion, the court considers several factors:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
>
> (4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.  *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).  The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding.  *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte

basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III.     DISCUSSION

### A.     Statutory Requirements

Ms. Takada's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoenas seek discovery from Google and Twitter, and both companies have their principal places of business in the Northern District of California. Dkt. No. 1 at 6. Second, Ms. Takada requests this discovery for use in pursuing a criminal complaint for defamation in violation of the Japanese Penal Code once she obtains evidence confirming the identity of the person who published the defamatory material in question. *Id.* at 6-7. Crediting Ms. Takada's representations, a proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Ms. Takada, as the complainant in the contemplated criminal investigation and prosecution, is an interested person within the meaning of the statute. *Id.* at 7.

United States District Court
Northern District of California

**B.** *Intel* **Factors**

Even if the Court has the authority to grant Ms. Takada's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional, non-exhaustive *Intel* factors.

### 1. Participation of target in the foreign proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, neither Google nor Twitter will be a party to the anticipated criminal action in Japan, and the documents Ms. Takada seeks by subpoena are located in the United States. Dkt. No. 1 at 8. Ms. Takada contends that such evidence is outside the reach of the Japanese court's jurisdiction. *Id.* In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of authorizing service of the subpoenas.

### 2. Receptivity of foreign tribunal to U.S. judicial assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (internal quotations and citations omitted). Courts have denied requests for discovery where the foreign tribunal or government expressly says it does not want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85 (affirming the denial of discovery where the

6

German government expressly objected to the information sought due to concerns that it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte Appl. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating that it had no need or use for the requested discovery).

Here, Ms. Takada represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States and that it is unaware of any "restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance." Dkt. No. 1 at 9. Ms. Takada's Japanese counsel attests that the Japanese police will not accept a criminal complaint for investigation and possible prosecution unless Ms. Takada provides evidence specifically identifying the person alleged to have published the defamatory material in question. Dkt. No. 1-2 ¶¶ 9, 12-13. In the absence of evidence that a Japanese court would object to Ms. Takada's discovery of the information sought in the subpoenas, or that it would object more generally to the judicial assistance of U.S. federal courts, the Court concludes that this factor weighs in favor of authorizing service of the subpoenas.

### 3. Circumvention of proof-gathering restrictions

Under this factor, the Court considers whether Ms. Takada's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Nat. Res. Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering

restrictions or policies).

Ms. Takada's Japanese counsel attests that she is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Ms. Takada seeks here. Dkt. No. 1-2 ¶ 16. In the absence of contrary information, the Court concludes that this factor also weighs in favor of authorizing service of the subpoenas.

### 4. Unduly burdensome or intrusive discovery

Under this factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

### a. Google subpoena

Ms. Takada's proposed subpoena to Google seeks "all documents" identifying the person who published a specific video on YouTube under the name "Baka Net Takada," including the user's name and contact information, payment methods (and all names and contact information associated with those payment methods), as well as access logs on the date the account was created and for the period of time from May 23, 2022 to the present (i.e. "for the three-month period immediately preceding August 23, 2022 and until the date that you respond to this request"). Ms. Takada seeks the same information for "all Google Ads accounts or all other accounts that are controlled by [Google] that ACCOUNT 1 has ever been used to login with." *See* Dkt. No. 1, Ex. A at ECF 16-17.

Ms. Takada principally relies on the declaration of Ms. Watase, her Japanese counsel, to explain why, in Ms. Takada's view, it is necessary to obtain the access log information and why it is also necessary to obtain information concerning "other accounts" the account holder may have. *See* Dkt. No. 1-2, ¶¶ 20-24. Crediting this explanation, the Court finds that Ms. Takada has shown that she likely will not have the identifying information she requires to proceed with a criminal complaint in Japan unless she obtains contact information and access log information. However, the Court is not persuaded that Ms. Takada requires "all documents showing"; rather, she should only require "documents sufficient to show" the information described in each of the four document requests in order to identify the account holder for purposes of submitting a criminal complaint.

1       Finally, Ms. Takada's proposed discovery does intrude upon the privacy interests of the

2  Google account holder who published the video in question.  These concerns may be addressed by

3  adopting procedural protections to ensure that any objections the account holder may have to

4  disclosure of her information are addressed by the Court before disclosure is made.  Specifically,

5  and as set forth below, Google must notify the Court of any objections it receives from the account

6  holder, and it may not disclose objected-to documents to Ms. Takada until the Court resolves those

7  objections.

8              **b.**        **Twitter subpoena**

9       Ms. Takada's proposed subpoena to Twitter seeks "all documents" identifying the person

10  who published five specific tweets using Twitter's service, including the user's name and contact

11  information, payment methods (and all names and contact information associated with those

12  payment methods), as well as access logs on the date the account was created and for the period of

13  time from May 23, 2022 to the present (i.e. "for the three-month period immediately preceding

14  August 23, 2022 and until the date that you respond to this request").  *See* Dkt. No. 1, Ex. B at

15  ECF 21-22.

16       Ms. Takada again relies on the declaration of Ms. Watase to explain why, in Ms. Takada's

17  view, it is necessary to obtain contact information and access log information.  *See* Dkt. No. 1-2,

18  ¶¶ 20-24.  Crediting this explanation, the Court finds that Ms. Takada has shown that she likely

19  will not have the identifying information she requires to proceed with a criminal complaint in

20  Japan unless she obtains contact information and access log information.  However, the Court is

21  not persuaded that Ms. Takada requires "all documents showing"; rather, she should only require

22  "documents sufficient to show" the information described in the two document requests in order to

23  identify the account holder for purposes of submitting a criminal complaint.

24       Finally, Ms. Takada's proposed discovery does intrude upon the privacy interests of the

25  Twitter account holder who published the tweets in question.  These concerns may be addressed

26  by adopting procedural protections to ensure that any objections the account holder may have to

27  disclosure of her information are addressed by the Court before disclosure is made.  Specifically,

28  and as set forth below, Twitter must notify the Court of any objections it receives from the account

United States District Court
Northern District of California

holder, and it may not disclose objected-to documents to Ms. Takada until the Court resolves those objections.

## IV.    CONCLUSION

Ms. Takada's application meets the statutory criteria for an order authorizing service of the proposed subpoenas.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* favor authorizing service of the subpoenas, *except* that Ms. Takada must modify the document requests in her subpoenas to request only "documents sufficient to show" in place of "all documents showing."

Accordingly, the Court authorizes service of the proposed subpoenas, with the modification noted above, on Google and Twitter.  This order does not foreclose a motion to quash or further modify the subpoenas by Google or Twitter following service, or by the account holders or account users whose identifying information is sought.  The Court orders Ms. Takada, Google, and Twitter to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoenas if they wish:

1.  At the time of service of the revised subpoena, Ms. Takada must also serve a copy of this order on Google and Twitter.

2.  Within 10 calendar days of service of each subpoena and this order, Google and Twitter shall notify the account holders and account users within the scope of the subpoena that their identifying information is sought by Ms. Takada, and shall serve a copy of this order on each such person.

3.  Google, Twitter, and/or any person whose identifying information is sought may, within 30 days from the date of the notice, file a motion in this Court contesting the subpoenas (including a motion to quash or modify the subpoena).

4.  Alternatively, any person whose identifying information is sought may, within 21 days from the date of the notice, advise Google or Twitter in writing of any objections he or she has to disclosure of the information and the bases for any such objections.  Within 10 days of receipt of any such objections, Google and Twitter shall so advise the Court.

5.  If any person contests a subpoena or objects to any portion of it, Google or Twitter

1    shall preserve, but not disclose, the information sought by the subpoena pending

2    resolution of that contest or objection.

3        Any information Ms. Takada obtains pursuant to the subpoenas may be used only for

4    purposes of the anticipated criminal complaint and prosecution for criminal defamation in

5    violation of the Japanese Penal Code, and Ms. Takada may not release such information or use it

6    for any other purpose, absent a Court order authorizing such release or use.

7        **IT IS SO ORDERED.**

8    Dated: October 3, 2022

9

10

11   VIRGINIA K. DEMARCHI
     United States Magistrate Judge

12

13

# Exhibit B



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

October 18, 2022

*Via Email and Express Courier*
makoto@taitano.us.com

Carlos Makoto Taitano
MFPR Roppongi Azabudai Bldg., 11th Floor, 1-8-7 Roppongi
Minato-ku, Tokyo, 153-0053
+81-80-8081-6527

Re: *In re Ex Parte Application of Saki Takada*, United States District Court for the Northern District of California, 5:22-mc-80221 (Internal Ref. No. 23878708)

Dear Carlos Makoto Taitano:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated October 3, 2022, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents related to the YouTube account(s) associated with https://www.youtube.com/watch?v=MjsWLLyOFDI.

Without waiving the below objections, Google may be willing to produce responsive data, to the extent it exists and is available, subject to the limitations below. Google further hereby makes the following objections to the Subpoena.

**Insufficient Information**

Given the limited information provided in the Subpoena, Google objects to the Subpoena because it is unable to determine whether there is a relevant account in our records pertaining to your requests for information relating to Google Ads account(s). As an initial matter, Google cannot respond to your request because it fails to sufficiently identify a Google account. Google has hundreds of millions of users, making it impossible to ensure that searches based on proper name, company name, birthday, social security number, presumed location, or similar information accurately identify the correct records. For Google to process your request to the extent that it relates to any purported Google Ads account(s), we require at least one of the following: (1) the tracking URL associated with the ad(s) in question, (2) the Ad Customer ID number(s), or (3) the email address used to register the Ad account.

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address provided by the user.

**First Amendment**

Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. *Glassdoor, Inc. v. Superior Court*, 9

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena.").

California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. *Glassdoor*, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, *Williams v. Superior Court*, 3 Cal. 5th 531 (2017); *see also ZL Technologies, Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim).

Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Subpoena to the extent it specifies a date of production that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Subpoena to the extent that it is vague, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google beyond



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

what is permissible under applicable law.

6. Google objects to the subpoena to the extent it seeks information in the possession, custody or control of Paypal, or any other entity besides Google LLC.

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Very truly yours,
/s/ Patrick Marcus
Legal Investigations Support